# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **JASON BLANKENSHIP,** | § | |
| **Plaintiff,** | § | |
| v. | § | **Civil Action No. 6:21-cv-00203** |
| **INSITUFORM TECHNOLOGIES, LLC,** | § | |
| **Defendant.** | § | |

## INDEX OF PLEADINGS FILED IN STATE COURT

| | **DOCUMENT** | **DATE FILED** |
|---|---|---|
| 1. | Docket Sheet | 01/21/2021 |
| 2. | Plaintiff's Original Petition | 01/21/2021 |
| 3. | Request for Issuance | 01/21/2021 |
| 4. | Civil Case Information Sheet | 01/21/2021 |
| 5. | E-File Information Sheet | 01/22/2021 |
| 6. | Citation Issues to Insituform Technologies LLC | 01/22/2021 |
| 7. | Returned Citation (Insituform) | 02/19/2021 |
| 8. | E-File Information Sheet | 02/22/2021 |
| 9. | Defendant's Original Answer | 02/23/2021 |

46008424.1

501 Washington Avenue , Suite 300 Annex
Waco , TX , 76701
PHONE # : (254) 757-5057
FAX : N/A

## DOCKET SHEET - CIVIL CASE

**DOCKET NO. :** 2021-151-4          **CASE STATUS :** PENDING          **FILED DATE :** 01/21/2021          **TJC CODE :** OTHER CONT

**STYLE :**   JASON BLANKENSHIP Vs. INSITUFORM TECHNOLOGIES LLC

**DISPOSITION :**                                        **DISPOSED :**   N/A                    **TJC CODE :**

| TYPE | PARTY | ATTORNEY |
|------|-------|----------|
| PLAINTIFF | JASON  BLANKENSHIP | JOEL  SHIELDS |
|  | 0 | P O BOX 20965 WACO TX 76702 |
| DEFENDAN | INSITUFORM TECHNOLOGIES LLC |  |
|  | C/O CORP SERVICE CO. DBA CSC LAWYERS INC SERVICE | 0 |

**HEARING NOTES :**     2021-151-4

| DATE | TEXT |
|------|------|
| 01/21/2021 | PLAINTIFF'S ORIGINAL PETITION |
| 01/21/2021 | REQUEST FOR ISSUANCE |
| 01/21/2021 | CIVIL CASE INFORMATION SHEET |
| 01/22/2021 | E-FILE INFORMATION SHEET //PE (PETITION/INFO SHEET/REQUEST) |
| 01/22/2021 | CITATION ISSUED TO INSITUFORM TECHNOLOGIES LLC |
| 02/19/2021 | RETURNED CITATION (INSITUFORM) |
| 02/22/2021 | E-FILE INFORMATION SHEET //PE (RTN CIT) |
| 02/23/2021 | Defendant's Original Answer |

ADALINA AGUIRRE-GONZALES DISTRICT CLERK
**501 Washington Avenue , Suite 300 Annex**
**Waco , TX , 76701**
**PHONE # : (254) 757-5057**
**FAX : N/A**

## DOCKET SHEET - CIVIL CASE

**CASE NO. :**  2021-151-4          **STYLE :**    JASON BLANKENSHIP Vs. INSITUFORM TEC

| **DOCKET ENTRY** |
| --- |
|  |

FILED
MCLENNAN COUNTY
1/21/2021 3:27 PM
JON R. GIMBLE
DISTRICT CLERK
Tiffany Madkins

NO. <u>2021-151-4</u>

| | | |
|---|---|---|
| **JASON BLANKENSHIP** | § | **IN THE DISTRICT COURT OF** |
| **v.** | § | **McLENNAN COUNTY, TEXAS** |
| **INSITUFORM TECHNOLOGIES, LLC** | § | <u>170TH</u> **JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE COURT:

NOW COMES Plaintiff, Jason Blankenship, complaining of Defendant, Insituform Technologies, LLC, and files this Plaintiff's Original Petition alleging the following:

### I.  Nature of the Case

1.    Plaintiff, Jason Blankenship, brings this action under the Family & Medical Leave Act (FMLA), 29 U.S.C. 2601, *et. seq.*, for the unlawful employment practices committed by Defendant, Insituform Technologies, LLC, against Plaintiff by interfering with Plaintiff's leave, job restoration rights following leave, and by terminating Plaintiff's employment.

### II.  Discovery Plan

2.    Plaintiff intends for this suit to be governed by a Level 3 Discovery Control Plan pursuant to Rule 190.4 of the Texas Rules of Civil Procedure.

### III.  Parties and Service of Process

3.    Plaintiff is an individual who resides in McLennan County, Texas.

4.     Defendant, Insituform Technologies, LLC, does business in McLennan County, Texas, and may be served with process by serving its registered agent, Corporation Service Company dba CSC - Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701-3218.

### IV. <u>Venue</u>

5.     Venue is proper in McLennan County, Texas, because all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in McLennan County, Texas.

### V. <u>Factual Background</u>

6.     Jason Blankenship worked at Defendant's McGregor plant.

7.     Blankenship sustained a knee injury and subsequently sought medical leave under the FMLA, which Defendant approved from June 23, 2020, through July 20, 2020.

8.     Blankenship returned to work on July 21, 2020.

9.     Blankenship sought FMLA leave to bond with his newborn daughter from September 22, 2020, through October 25, 2020. Defendant communicated with Blankenship verbally and in writing that he was eligible for leave and that his leave was approved. Blankenship relied on such representations in taking FMLA leave.

10.     During his leave, Blankenship was informed that the Plant Manager classified Blankenship as a "no-call/no-show" notwithstanding his approved leave under the FMLA. The Plant Manager had also expressed frustration at Blankenship's absences from work due to FMLA. Blankenship immediately texted both his Supervisor and the Plant Manager to again communicate that he was out on FMLA-

approved leave. Blankenship then filed a complaint with HR concerning the actions taken against him by the Plant Manager. Blankenship called and spoke with HR concerning the Plant Manager's attempts to try and get rid of him because of his use of family leave. While the HR representative said she would handle what she could on her end, she simply told Blankenship to return to work following his family leave and "see what happens."

11.     Prior to his return to work, the Plant Manager contacted Blankenship and told him that there had been "changes" at work while he was on leave. The Plant Manager informed Blankenship that he would receive Line Lead training upon his return. But this training never occurred. To the contrary, when Blankenship returned to work, he learned another employee had been placed in his position, and Blankenship had been relegated to a lesser role doing menial tasks. For example, Blankenship was instructed to literally sit on a 55-gallon drum for 3 straight days with no training. In fact, in all his time at Defendant's plant, Blankenship had never seen anyone ride a drum for the lining process. Blankenship complained about this to his Supervisor and was informed that the Plant Manager would not listen to him.

12.     Despite Blankenship's protests, menial tasks continued to be assigned to him in his new lesser role. Blankenship was assigned general labor duties and provided no training. For example, he was assigned to load liners, which is a task assigned to new hires and temporary employees. Blankenship also learned that the Plant Manager had instructed HR to investigate his filing for unemployment benefits due to reduced hours during the COVID-19 pandemic. It became clear that the Plant Manager was trying to end Blankenship's employment. Blankenship even discovered

the words "F*ck Jaycee" written on some equipment. "Jaycee" is what one of the employees called Blankenship because the employee could not properly say Jason.

13.     On Friday, November 6, no production took place. On these days, Line Leads spend the shift upgrading, repairing, and maintaining the line and equipment. Blankenship was not allowed to do this. Those duties were assigned to the employee who had been placed in his position while on FMLA leave. Instead, Blankenship was relegated to janitor-like tasks, involving general housekeeping, sweeping, cleaning, and miscellaneous chores.

14.     On Monday, November 9, it was more of the same menial tasks. On this day, the Plant Manager instructed Blankenship to go outside and clean a truck with a temporary employee. The Plant Manager also instructed Blankenship to clean out and throw away 3 liners from cold storage on very heavy 15-inch lines. Again, these were the most basic manual labor tasks that had not previously been part of his job prior to his family leave under the FMLA. While Blankenship was completing these tasks, the employee who replaced Blankenship was inside being trained on the Line Lead position.

15.     Because of the reassignment to menial and degrading work, the reduction in job responsibilities, the demotion, and the badgering, harassment, and humiliation by Defendant, the working conditions became so intolerable that Blankenship was compelled to resign, which constitutes a constructive discharge/adverse employment action.

# VI. <u>Causes of Action</u>

## *Violations of the Family & Medical Leave Act (Interference & Retaliation)*

16.     The FMLA makes it unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise any right under the FMLA, or discharge or otherwise discriminate against an individual for opposing any practice made unlawful by the FMLA.

17.     Defendant is an "employer" as that term is defined under the FMLA.

18.     Blankenship is an "eligible employee" within the meaning of the FMLA in that he was employed by Defendant for at least 12 months and for at least 1,250 hours of service during the previous 12-month period. Blankenship was entitled to 12 work weeks of leave to bond with his newborn daughter and/or for his own serious medical condition. Blankenship was also entitled to be reinstated to his same or equivalent position following his leave.

19.     In the alternative, Defendant is equitably estopped from arguing the FMLA does not apply because Defendant affirmatively represented verbally and in writing that Plaintiff was eligible for FMLA leave and that Defendant had approved such leave. Plaintiff relied on these representations in taking leave under the FMLA to his detriment.

20.     Defendant intentionally interfered with and/or denied the exercise of rights provided under the FMLA by failing to reinstate Plaintiff to the same position he held when leave commenced, or to an equivalent position with equivalent benefits, pay, and other terms and conditions of employment; and by discharging Plaintiff's employment following his FMLA leave.

21.     Defendant violated both Blankenship's prescriptive and proscriptive rights under the FMLA by the actions described above and by retaliating against him for exercising his rights under the FMLA and/or complaining about mistreatment because of his FMLA.

22.     Defendant acted willfully in violating Plaintiff's rights under the FMLA.

## VII. <u>Damages</u>

23.     As a result of the above, Plaintiff has lost past and future wages and benefits of employment. Plaintiff has also suffered compensatory damages in the past and will likely suffer compensatory damages in the future because of Defendant's conduct.

24.     Plaintiff seeks the recovery of liquidated damages under the FMLA.

25.     Pursuant to Rule 47, TEX. R. CIV. P., Plaintiff seeks monetary relief over $250,000 but not more than $1,000,000.

## VIII. <u>Attorneys' Fees</u>

26.     Blankenship has also had to employ attorneys to vindicate his rights under the law, and therefore, he seeks reasonable and necessary attorneys' fees and costs under the FMLA.

## IX. <u>Demand for Jury Trial</u>

27.     Plaintiff hereby respectfully demands a trial by jury of all claims and issues in this cause.

WHEREFORE, Plaintiff, Jason Blankenship, respectfully requests that the Court issue citation for Defendant, Insituform Technologies, LLC, to appear and answer, and that upon final trial, Plaintiff have and recover a judgment against

Defendant for all actual damages suffered and/or incurred by Plaintiff, for pre-judgment and post-judgment interest at the highest rates allowed by law, for court costs, attorneys' fees, liquidated damages, and for all other relief to which Plaintiff may be justly entitled.

Respectfully submitted,

SCANES & ROUTH, LLP
7901 Fish Pond Road, Suite 200
P. O. Box 20965
Waco, Texas 76702-0965
(254) 399-8788
(254) 399-8780 (FAX)

BY:   /s/ Joel S. Shields
   Benjamin C. Yelverton
   State Bar No. 24084132
   Email: yelverton@scanesrouth.com
   Joel S. Shields
   State Bar No. 24041907
   E-mail: shields@scanesrouth.com

ATTORNEYS FOR PLAINTIFF

**FILED**
**MCLENNAN COUNTY**
**1/21/2021 3:27 PM**
**JON R. GIMBLE**
**DISTRICT CLERK**
Tiffany Madkins



# JON R. GIMBLE

## DISTRICT CLERK

**McLENNAN COUNTY COURTHOUSE**
**501 Washington Ave., Suite 300 Annex**
**WACO, TEXAS 76701**
**254-757-5057 OR 757-5054**

## REQUEST FOR ISSUANCE

CAUSE NUMBER: ___2021-151-4___          DATE: _1/21/21_

PERSON TO BE SERVED: _Insituform Technologies, LLC by serving its registered agent, Corporation Service Company dba_

ADDRESS TO SERVE: _CSC - Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX  78701-3218_

FEES PAID BY:  CHECK ☐  CASH ☐  DEBIT ☐  OATH ☑  CREDIT CARD (INCLUDES PROCESSING FEE) ☐

**ISSUANCE:**

CITATION ☑                    NOTICE OF HEARING/CONTEMPT _____

TRO ☐                          PROTECTIVE ORDER ☐

WRIT OF (SPECIFY) ☐            OTHER (SPECIFY ) _____

**SERVICE:**

DELIVER TO ATTORNEY                    _____

DELIVER TO CONSTABLE                   _____

DELIVER TO PRIVATE PROCESS SERVER (SPECIFY)   _Central Texas Litigation (Box)_

DELIVER TO SHERIFF                     _____

**REQUESTED BY:**
**(PLEASE PRINT)**

BY     _Joel Shields_

FIRM   _Scanes & Routh, LLP_

CONTACT NO. _254-399-8788_

# CIVIL CASE INFORMATION SHEET

**FILED**
**MCLENNAN COUNTY**
**1/21/2021 3:27 PM**
**JON R. GIMBLE**
**DISTRICT CLERK**
Tiffany Madkins

CAUSE NUMBER *(FOR CLERK USE ONLY):* _____2021-151-4_____    COURT *(FOR CLERK USE ONLY):* _____

STYLED __Jason Blankenship vs. Insituform Technologies, LLC__

(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

## 1. Contact information for person completing case information sheet:

| | | |
|---|---|---|
| Name: **Joel Shields** | Email: **shields@scanesrouth.com** | |
| Address: **P. O. Box 20965** | Telephone: **254-399-8788** | |
| City/State/Zip: **Waco, Texas  76702-0965** | Fax: **254-399-8780** | |
| Signature: **/s/ Joel Shields** | State Bar No: **24041907** | |

**Names of parties in case:**

Plaintiff(s)/Petitioner(s):
**Jason Blankenship**
_____
_____

Defendant(s)/Respondent(s):
**Insituform Technologies, LLC**
_____
_____

[Attach additional page as necessary to list all parties]

**Person or entity completing sheet is:**
- [X] Attorney for Plaintiff/Petitioner
- [ ] *Pro Se* Plaintiff/Petitioner
- [ ] Title IV-D Agency
- [ ] Other: _____

Additional Parties in Child Support Case:

Custodial Parent:
_____

Non-Custodial Parent:
_____

Presumed Father:
_____

## 2. Indicate case type, or identify the most important issue in the case (select only 1):

| Civil | | | Family Law | |
|---|---|---|---|---|

### Civil

**Contract**

*Debt/Contract*  **DEBT**
- [ ] Consumer/DTPA
- [ ] Debt/Contract
- [ ] Fraud/Misrepresentation
- [ ] Other Debt/Contract:
_____

*Foreclosure*  **OCON**
- [ ] Home Equity—Expedited
- [ ] Other Foreclosure
- [ ] Franchise
- [ ] Insurance
- [ ] Landlord/Tenant
- [ ] Non-Competition
- [ ] Partnership
- [ ] Other Contract:
_____

**Injury or Damage**
- [ ] Assault/Battery  **DAM**
- [ ] Construction  **DAM**
- [ ] Defamation  **DAM**

*Malpractice*
- [ ] Accounting  **OMAL**
- [ ] Legal  **OMAL**
- [ ] Medical  **MEDM**
- [ ] Other Professional Liability:  **OMAL**

- [ ] Motor Vehicle Accident  **DAPI**
- [ ] Premises  **DAPI**

*Product Liability*
- [ ] Asbestos/Silica  **PLA**
- [ ] Other Product Liability List Product:  **OPL**
_____

- [ ] Other Injury or Damage:  **DAM** _____

**Real Property**
- [ ] Eminent Domain/ Condemnation  **EMD**
- [ ] Partition  **ORP**
- [ ] Quiet Title  **ORP**
- [ ] Trespass to Try Title  **ORP**
- [ ] Other Property:  **ORP**
_____

**Related to Criminal Matters**
- [ ] Expunction  **EXPN**
- [ ] Extradition  **BRDC**
- [ ] Judgment Nisi  **CFOR**
- [ ] Occupational Lic  **CVCM**
- [ ] Non-Disclosure  **NDF**
- [ ] Seizure/Forfeiture  **FORF**
- [ ] Writ of Habeas Corpus— Pre-indictment  **WRTP**
- [ ] Other: _____  **CVCM**

### Family Law

**Marriage Relationship**
- [ ] Annulment  **DVRC**
- [ ] Declare Marriage Void  **DVRC**

*Divorce*
- [ ] With Children  **DVWC**
- [ ] No Children  **DVRC**

**Other Family Law**
- [ ] Adult Adoption  **OFAM**
- [ ] Enforce Foreign Judgment  **OFAM**
- [ ] Habeas Corpus  **OFAM**
- [ ] Judicial ByPass  **OFAM**
- [ ] Name Change  **OFAM**
- [ ] Protective Order  **POF**
- [ ] Removal of Disabilities of Minority  **OFAM**
- [ ] Other:  **OFAM**

**Post-judgment Actions (non-Title IV-D)**
- [ ] Enforcement  **ME**
- [ ] Modification—Custody  **MC**
- [ ] Modification—Othr  **MODO**

**Title IV-D**
- [ ] Enfrcemnt/Modificatn  **MAG**
- [ ] Paternity  **AGPA**
- [ ] Reciprocals (UIFSA)  **AGUI**
- [ ] Support Order  **AGSO**

**Parent-Child Relationship**
- [ ] Adoption/Adoption with Termination  **SEAL**
- [ ] Child Protection  **CPS**
- [ ] Child Support  **PCR**
- [ ] Custody or Visitation  **PCR**
- [ ] Gestational Parenting  **PCR**
- [ ] Grandparent Access  **PCR**
- [ ] Parentage/Paternity  **PCR**
- [ ] Termination of Parental Rights  **TPR**
- [ ] Other Parent-Child:  **PCR**

**Employment**
- [ ] Discrimination  **OCON**
- [X] Retaliation  **OCON**
- [ ] Termination  **OCON**
- [ ] Workers' Compensation  **WORK**
- [ ] Other Employment:  **OCON**

**Other Civil = OCIV**
- [ ] Administrative Appeal
- [ ] Antitrust/Unfair Competition
- [ ] Business Dissolution
- [ ] Code Violations
- [ ] Foreign Judgment
- [ ] Intellectual Property
- [ ] Lawyer Discipline
- [ ] Occptnl Lic – civil/family
- [ ] Protective Ord – NonFam
- [ ] Perpetuate Testimony
- [ ] Securities/Stock
- [ ] Tortious Interference
- [ ] Other: _____

**Tax = All TAX**
- [ ] Tax Appraisal
- [ ] Tax Delinquency
- [ ] Other Tax

### Probate & Mental Health

*Probate/Wills/Intestate Administration*
- [ ] Dependent Administration
- [ ] Independent Administration
- [ ] Other Estate Proceedings

- [ ] Guardianship—Adult
- [ ] Guardianship—Minor
- [ ] Mental Health
- [ ] Other: _____

## 3. Indicate procedure or remedy, if applicable (may select more than 1):

- [ ] Appeal from Municipal or Justice Court  **CA**
- [ ] Arbitration-related
- [ ] Attachment
- [ ] Bill of Review  **BR**
- [ ] Certiorari
- [ ] Class Action
- [ ] Declaratory Judgment  **DJ**
- [ ] Garnishment  **WG**
- [ ] Interpleader
- [ ] License
- [ ] Mandamus
- [ ] Post-judgment
- [ ] Prejudgment Remedy
- [ ] Protective Order
- [ ] Receiver
- [ ] Sequestration  **SQ**
- [ ] Temporary Restraining Order/Injunction
- [ ] Turnover  **TO**

## 4. Indicate damages sought (do not select if it is a family law case):

- [ ] Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
- [ ] Less than $100,000 and non-monetary relief
- [ ] Over $100, 000 but not more than $200,000
- [X] Over $200,000 but not more than $1,000,000
- [ ] Over $1,000,000

Rev 2/13

Case 6:21-cv-00203-ADA-JCM  Document 1-1  Filed 03/03/21  Page 14 of 28

Print this page

# Case # 2021-151-4 - JASON BLANKENSHIP VS INSITUFORM TECHNOLOGIES LLC (170TH)

## Case Information

| | |
|---|---|
| Location | McLennan County - District Clerk |
| Date Filed | 1/21/2021 3:27 PM |
| Case Number | 2021-151-4 |
| Case Description | JASON BLANKENSHIP VS INSITUFORM TECHNOLOGIES LLC |
| Assigned to Judge | 170TH |
| Attorney | Joel Shields |
| Firm Name | Scanes & Routh, LLP |
| Filed By | Susan Eskew |
| Filer Type | Not Applicable |

## Fees

| | |
|---|---|
| Convenience Fee | $10.20 |
| Total Court Case Fees | $298.00 |
| Total Court Party Fees | $0.00 |
| Total Court Filing Fees | $55.00 |
| Total Court Service Fees | $0.00 |
| Total Filing & Service Fees | $0.00 |
| Total Provider Service Fees | $0.00 |
| Total Provider Tax Fees | $0.00 |
| Total Taxes (for non-court fees) | $0.00 |
| Grand Total | $363.20 |

## Payment

| | |
|---|---|
| Account Name | Susan Firm Card |
| Transaction Amount | $363.20 |
| Transaction Response | Approved |
| Transaction ID | 73629684 |
| Order # | 049916543-0 |

## Petition

| | |
|---|---|
| Filing Type | EFileAndServe |
| Filing Code | Petition |
| Motion Code | |
| Filing Description | Plaintiff's Original Petition |

Reference Number                          3850928
Comments
Status                                    Accepted
Accepted Date                             1/22/2021 9:22 AM
**Fees**
Court Fee                                 $0.00
Service Fee                               $0.00
**Documents**
*Lead Document*          P's_Original_Petition- Blankenship.pdf    [Original]  [Transmitted]


**eService Details**

| Name/Email | Firm | Service Method | Status | Served | Date/Time Opened |
|---|---|---|---|---|---|
| Benjamin Yelverton yelverton@scanesrouth.com | Scanes & Routh, LLP | EServe | Sent | Yes | Not Opened |
| Susan Eskew eskew@scanesrouth.com | Scanes & Routh, LLP | EServe | Sent | Yes | Not Opened |
| Joel S Shields shields@scanesrouth.com | Scanes & Routh, LLP | EServe | Sent | Yes | Not Opened |
| Benjamin Yelverton yelverton@scanesrouth.com | Scanes & Routh, LLP | EServe | Sent | Yes | Not Opened |
| Susan Eskew eskew@scanesrouth.com | Scanes & Routh, LLP | EServe | Sent | Yes | Not Opened |
| Joel S Shields shields@scanesrouth.com | Scanes & Routh, LLP | EServe | Sent | Yes | Not Opened |
| Benjamin Yelverton yelverton@scanesrouth.com | Scanes & Routh, LLP | EServe | Sent | Yes | Not Opened |
| Susan Eskew eskew@scanesrouth.com | Scanes & Routh, LLP | EServe | Sent | Yes | Not Opened |
| Joel S Shields shields@scanesrouth.com | Scanes & Routh, LLP | EServe | Sent | Yes | Not Opened |

**Application**
Filing Type                               EFileAndServe
Filing Code                               Application
Motion Code
Filing Description                        Civil Case Information Sheet

| | |
|---|---|
| Reference Number | 3850941 |
| Comments | |
| Status | Accepted |
| Accepted Date | 1/22/2021 9:22 AM |
| **Fees** | |
| Court Fee | $0.00 |
| Service Fee | $0.00 |
| **Documents** | |
| *Lead Document* | Civil_Case_Information_Sheet.pdf   [Original]  [Transmitted] |

**eService Details**

| Name/Email | Firm | Service Method | Status | Served | Date/Time Opened |
|---|---|---|---|---|---|
| Benjamin Yelverton yelverton@scanesrouth.com | Scanes & Routh, LLP | EServe | Sent | Yes | Not Opened |
| Susan Eskew eskew@scanesrouth.com | Scanes & Routh, LLP | EServe | Sent | Yes | Not Opened |
| Joel S Shields shields@scanesrouth.com | Scanes & Routh, LLP | EServe | Sent | Yes | Not Opened |
| Benjamin Yelverton yelverton@scanesrouth.com | Scanes & Routh, LLP | EServe | Sent | Yes | Not Opened |
| Susan Eskew eskew@scanesrouth.com | Scanes & Routh, LLP | EServe | Sent | Yes | Not Opened |
| Joel S Shields shields@scanesrouth.com | Scanes & Routh, LLP | EServe | Sent | Yes | Not Opened |
| Benjamin Yelverton yelverton@scanesrouth.com | Scanes & Routh, LLP | EServe | Sent | Yes | Not Opened |
| Susan Eskew eskew@scanesrouth.com | Scanes & Routh, LLP | EServe | Sent | Yes | Not Opened |
| Joel S Shields shields@scanesrouth.com | Scanes & Routh, LLP | EServe | Sent | Yes | Not Opened |

**Application**

| | |
|---|---|
| Filing Type | EFileAndServe |
| Filing Code | Application |
| Motion Code | |
| Filing Description | Request for Issuance |

| Reference Number | 3850944 |
| --- | --- |
| Comments | |
| Status | Accepted |
| Accepted Date | 1/22/2021 9:22 AM |

**Fees**

| Court Fee | $55.00 |
| --- | --- |
| Service Fee | $0.00 |

| Optional Services | |
| --- | --- |
| Copies - Service | $7.00 (7 x $1.00) |
| Issue Citation | $8.00 |
| Jury Fee | $40.00 |

**Documents**

| *Lead Document* | Request_for_Issuance.pdf | [Original] | [Transmitted] |
| --- | --- | --- | --- |

**eService Details**

| Name/Email | Firm | Service Method | Status | Served | Date/Time Opened |
| --- | --- | --- | --- | --- | --- |
| Benjamin Yelverton yelverton@scanesrouth.com | Scanes & Routh, LLP | EServe | Sent | Yes | Not Opened |
| Susan Eskew eskew@scanesrouth.com | Scanes & Routh, LLP | EServe | Sent | Yes | Not Opened |
| Joel S Shields shields@scanesrouth.com | Scanes & Routh, LLP | EServe | Sent | Yes | Not Opened |
| Benjamin Yelverton yelverton@scanesrouth.com | Scanes & Routh, LLP | EServe | Sent | Yes | Not Opened |
| Susan Eskew eskew@scanesrouth.com | Scanes & Routh, LLP | EServe | Sent | Yes | Not Opened |
| Joel S Shields shields@scanesrouth.com | Scanes & Routh, LLP | EServe | Sent | Yes | Not Opened |
| Benjamin Yelverton yelverton@scanesrouth.com | Scanes & Routh, LLP | EServe | Sent | Yes | Not Opened |
| Susan Eskew eskew@scanesrouth.com | Scanes & Routh, LLP | EServe | Sent | Yes | Not Opened |
| Joel S Shields shields@scanesrouth.com | Scanes & Routh, LLP | EServe | Sent | Yes | Not Opened |

Case 6:21-cv-00203-ADA-JCM  Document 1-1  Filed 03/03/21  Page 18 of 28

# CITATION

**THE STATE OF TEXAS**



**PAPER# 1**
**CENTEX**

**Cause No: 2021-151-4**

**TO: INSITUFORM TECHNOLOGIES, LLC, DEFENDANT – BY SERVING ITS REGISTERED AGENT, CORPORATION SERVICE COMPANY DBA CSC-LAWYERS INCORPORATING SERVICE COMPANY, AT 211 E. 7TH STREET, SUITE 620, AUSTIN, TEXAS 78701**

**GREETINGS:**

**YOU ARE HEREBY COMMANDED** to appear before the Honorable District Court below, of McLennan County, Texas, at the Courthouse of said County located at 501 Washington Avenue in Waco, Texas, by filing a written answer with the Clerk of the Court, at or before 10 o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation, to the pleading described below, in the cause number described below on the docket of said court, and styled,

PARTIES TO THIS ACTION ARE:

**JASON BLANKENSHIP**                                    Plaintiff

VS.

**INSITUFORM TECHNOLOGIES, LLC**                        Defendant

Court: **170TH JUDICIAL DISTRICT**
Pleading: **PLAINTIFF'S ORIGINAL PETITION**
Pleading File Date: **JANUARY 21, 2021**
Cause No: **2021-151-4**

### NOTICE

*You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and the above pleading, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. Theses disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org*

The officer executing this citation shall promptly serve the same according to requirements of law, and the mandates hereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL OF OFFICE,** at Waco, McLennan County, Texas.
Issue Date: **JANUARY 22, 2021.**

**JOEL S. SHIELDS**
**7901 FISH POND ROAD**
**SUITE 200**
**WACO, TEXAS 76710**
Attorney for Plaintiff

Jon R. Gimble, District Clerk
501 Washington Ave., Suite 300 Annex
Waco, McLennan County, Texas 76701

By: _____, Deputy
    **PAIGE EDMUNDSON**

**RETURN OF SERVICE**

Style: **JASON BLANKENSHIP VS. INSITUFORM TECHNOLOGIES, LLC**
Cause No: **2021-151-4**
Court: **170TH JUDICIAL DISTRICT**
Paper#: **1**
Pleading: **PLAINTIFF'S ORIGINAL PETITION**

Came to hand on the _____ day of _____, 20_____ at _____o'clock _____M. and executed on the _____

day of _____, 20_____ by delivering to the party designated in the citation, to-wit:

_____

_____

at _____o'clock ___M; in person, a true copy of this citation with a true and correct copy of the pleading attached

thereto, having first endorsed on such copy of said citation the date of delivery.

FEES: Serving one (1) copy          _____

Total $_____                          _____ County, Texas

NO SHERIFF OR CONSTABLE
FEES COLLECTED          By _____

**NOT EXECUTED FOR THE FOLLOWING REASONS** _____

and having attempted on _____.

"My name is _____ (First) _____ (Middle) _____ (Last), my

date of birth is _____, and my address is _____

_____.

I declare under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State

of Texas, on the _____ day of _____ (Month) _____ (Year)

_____ (Signature) Declarant"

# CITATION

**FILED**
**MCLENNAN COUNTY**
2/19/2021 2:27 PM
**PAPER# 1** JON R. GIMBLE
**CENTEX** **DISTRICT CLERK**
Tiffany Madkins

**THE STATE OF TEXAS**

**Cause No: 2021-151-4**

**TO: INSITUFORM TECHNOLOGIES, LLC, DEFENDANT – BY SERVING ITS REGISTERED AGENT, CORPORATION SERVICE COMPANY DBA CSC-LAWYERS INCORPORATING SERVICE COMPANY, AT 211 E. 7TH STREET, SUITE 620, AUSTIN, TEXAS 78701**

**GREETINGS:**

**YOU ARE HEREBY COMMANDED** to appear before the Honorable District Court below**,** of McLennan County, Texas, at the Courthouse of said County located at 501 Washington Avenue in Waco, Texas, by filing a written answer with the Clerk of the Court, at or before 10 o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation, to the pleading described below, in the cause number described below on the docket of said court, and styled,

PARTIES TO THIS ACTION ARE:

**JASON BLANKENSHIP**                                                              Plaintiff

VS.

**INSITUFORM TECHNOLOGIES, LLC**                                      Defendant

Court: **170TH JUDICIAL DISTRICT**
Pleading: **PLAINTIFF'S ORIGINAL PETITION**
Pleading File Date: **JANUARY 21, 2021**
Cause No: **2021-151-4**

### *NOTICE*

*You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and the above pleading, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. Theses disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org*

The officer executing this citation shall promptly serve the same according to requirements of law, and the mandates hereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL OF OFFICE,** at Waco, McLennan County, Texas.
Issue Date: **JANUARY 22, 2021.**

**JOEL S. SHIELDS**
**7901 FISH POND ROAD**
**SUITE 200**
**WACO, TEXAS 76710**
Attorney for Plaintiff

Jon R. Gimble, District Clerk
501 Washington Ave., Suite 300 Annex
Waco, McLennan County, Texas 76701

By: _Paige Edmundson_ , Deputy
**PAIGE EDMUNDSON**



# RETURN OF SERVICE

Style: **JASON BLANKENSHIP VS. INSITUFORM TECHNOLOGIES, LLC**
Cause No: **2021-151-4**
Court: **170TH JUDICIAL DISTRICT**
Paper#: **1**
Pleading: **PLAINTIFF'S ORIGINAL PETITION**

Came to hand on the _____ day of _____, 20_____ at _____o'clock _____M. and executed on the _____

day of _____, 20_____ by delivering to the party designated in the citation, to-wit:

_____

_____

at _____o'clock ___M; in person, a true copy of this citation with a true and correct copy of the pleading attached

thereto, having first endorsed on such copy of said citation the date of delivery.

FEES: Serving one (1) copy

_____

Total $_____          NO SHERIFF OR CONSTABLE          _____ County, Texas
                                    FEES COLLECTED
                                                         By _____

                                                         See Attached Return of Service

**NOT EXECUTED FOR THE FOLLOWING REASONS** _____

and having attempted on _____.

"My name is _____ (First) _____ (Middle) _____ (Last), my

date of birth is _____, and my address is _____

_____.

I declare under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State

of Texas, on the _____ day of _____ (Month) _____ (Year)

_____ (Signature) Declarant"

# 170th Judicial District Court of MCLENNAN County, Texas

**Cause No. 2021-151-4**

**Jason Blankenship**

*Plaintiff*

**Insituform Technologies**

*Defendant.*

## AFFIDAVIT OF SERVICE
Corporation/Business

I, **John J. Donohoe**, make statement to the fact, that I am a competent person more than 18 years of age or older and not a party to this action nor interested in the outcome of this suit. I am a certified private process server authorized by the Judicial Branch Certification Commission of Texas and remain in good standing. I received the document(s) stated below on **1/27/2021** at **4:19 PM** instructing for same to be delivered upon: **Insituform Technologies, LLC by serving its Registered Agent, Corporation Service company dba CSC-Lawyers Incorporating Service Company**

| | |
|---|---|
| That I delivered to: | Insituform Technologies, LLC by serving its Registered Agent, Corporation Service company dba CSC-Lawyers Incorporating Service Company |
| At the address of: | 211 E. 7th Street, Suite 620, Austin, TX 78701 located in the County of  Travis |
| On this date and time: | 02/03/2021 at 1:47 PM |
| In the manner: | by personally delivering the document(s) to the AUTHORIZED PERSON, John Spidel, Intake by Security Officer (COVID-19). |
| The following document(s): | Citation; Plaintiff's Original Petition |

**Comments:**

I SOLEMNLY AFFIRM under the penalties of perjury that the contents of the foregoing paper are true, correct, and within my personal knowledge.

John J. Donohoe; PSC-8998; Exp. 9/30/2021

SUBSCRIBED AND SWORN TO BY John J. Donohoe on this _/ /_ day of _Feb_, 2021, to attest witnesses my hand and seal of office.

Notary Public, State of Texas

Service Fee $ 50.00

SCANES & ROUTH, LLP
Job ID# 2100175
Ref#



Case 6:21-cv-00203-ADA-JCM   Document 1-1   Filed 03/03/21   Page 23 of 28

Print this page

# Case # 2021-151-4 - JASON BLANKENSHIP VS INSITUFORM TECHNOLOGIES LLC (170TH)

### Case Information

| | |
|---|---|
| Location | McLennan County - District Clerk |
| Date Filed | 2/19/2021 2:27 PM |
| Case Number | 2021-151-4 |
| Case Description | JASON BLANKENSHIP VS INSITUFORM TECHNOLOGIES LLC |
| Assigned to Judge | 170TH |
| Attorney | |
| Firm Name | |
| Filed By | Katherine Burrow |
| Filer Type | Not Applicable |

### Fees

| | |
|---|---|
| Convenience Fee | $0.00 |
| Total Court Case Fees | $0.00 |
| Total Court Party Fees | $0.00 |
| Total Court Filing Fees | $0.00 |
| Total Court Service Fees | $0.00 |
| Total Filing & Service Fees | $0.00 |
| Total Provider Service Fees | $0.00 |
| Total Provider Tax Fees | $0.00 |
| Total Taxes (for non-court fees) | $0.00 |
| Grand Total | $0.00 |

### Payment

| | |
|---|---|
| Account Name | CITI - KBMB |
| Transaction Amount | $0.00 |
| Transaction Response | |
| Transaction ID | 74732666 |
| Order # | |

### No Fee Documents

| | |
|---|---|
| Filing Type | EFileAndServe |
| Filing Code | No Fee Documents |
| Motion Code | |
| Filing Description | Insituform Technologies, LLC - Citation/ROS |

Case 6:21-cv-00203-ADA-JCM  Document 1-1  Filed 03/03/21  Page 24 of 28

| Reference Number | |
| --- | --- |
| Comments | |
| Courtesy Copies | Thank you |
| Status | bjatteberry@centexlitigation.com |
| Accepted Date | Accepted |
| | 2/22/2021 9:29 AM |

**Fees**

| Court Fee | $0.00 |
| --- | --- |
| Service Fee | $0.00 |

**Documents**

*Lead Document*          Insituform Technologies LLC - CIT.pdf     [Original]  [Transmitted]

**eService Details**

| Name/Email | Firm | Service Method | Status | Served | Date/Time Opened |
| --- | --- | --- | --- | --- | --- |
| Joel S Shields shields@scanesrouth.com | Scanes & Routh, LLP | EServe | Sent | Yes | 2/19/2021 2:28 PM |
| Susan Eskew eskew@scanesrouth.com | Scanes & Routh, LLP | EServe | Sent | Yes | Not Opened |
| Benjamin Yelverton yelverton@scanesrouth.com | Scanes & Routh, LLP | EServe | Sent | Yes | Not Opened |

**FILED** Cadie Ramsey
**MCLENNAN COUNTY**
**2/23/2021 11:53 AM**
**JON R. GIMBLE**
**DISTRICT CLERK**

## CAUSE NO. 2021-151-4

| | | |
|---|---|---|
| **JASON BLANKENSHIP** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **v.** | § | **McLENNAN COUNTY, TEXAS** |
| | § | |
| **INSITUFORM TECHNOLOGIES, LLC** | § | **170TH JUDICIAL DISTRICT** |

## DEFENDANT'S ORIGINAL ANSWER

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Defendant Insituform Technologies, LLC ("Defendant") and files this Original Answer in response to the Original Petition filed by Plaintiff Jason Blankenship ("Plaintiff"). In support thereof, Defendant respectfully shows as follows:

### I.   GENERAL DENIAL

Pursuant to Texas Rule of Civil Procedure 92, Defendant denies each and every allegation contained in Plaintiff's Original Petition ("Petition") and any amendment or supplement thereto, and demands strict proof thereof.

### II.   AFFIRMATIVE DEFENSES

Subject to the general denial asserted herein and without admitting liability, Defendant further pleads the following affirmative defense(s) and specifically reserves its right to plead further at a later date, if necessary:

1.      Plaintiff is not entitled to a jury trial as demanded in his Petition because Plaintiff signed a jury trial waiver as a condition of his employment with Defendant.

2.      Plaintiff was at all times an at-will employee.

3.      Plaintiff did not suffer an adverse employment action and cannot establish a claim for constructive discharge.

4.      Plaintiff's claims are barred in whole or in part to the extent that all administrative remedies have not been properly exhausted.

5. Plaintiff's claims are not actionable because the challenged employment practices are justified by legitimate, non-discriminatory/retaliatory, and non-pretextual business reasons unrelated to Plaintiff's FMLA leave.

6. Plaintiff's claims are barred, in whole or in part, because Defendant would have taken the same action in the absence of any alleged impermissible motivating factor(s).

7. Plaintiff's claims and alleged damages, if any, are barred in whole or in part by the doctrine of laches, waivers, estoppel, unclean hands, and/or after-acquired evidence.

8. If any improper, illegal, discriminatory or retaliatory actions were taken by any of Defendant's employees against Plaintiff, they were outside the course and scope of that employee's employment, contrary to Defendant's policies, and were not ratified, confirmed or approved by Defendant. Thus, any such actions cannot be attributed or imputed to Defendant.

9. Plaintiff's claims fail, in whole or in part, because Defendant exercised reasonable care to prevent and remediate promptly any unlawful behavior and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant or to avoid harm otherwise.

10. Without conceding Plaintiff has suffered any damages because of any alleged wrongdoing by Defendant, Plaintiff has failed to mitigate or minimize the alleged damages, if any, and is therefore barred, in whole or in part, from the recovery of damages.

11. Defendant is entitled to an offset for any earnings since Plaintiff's employment ended, including payments received from insurance carriers, workers' compensation benefits, or unemployment compensation benefits.

12. Plaintiff's recovery, if any, is subject to any applicable damages, or caps, or limitations.

13.     Defendant denies that Plaintiff is entitled to any damages. To the extent that Plaintiff is entitled to damages, however, those damages must be barred or reduced to the extent Plaintiff has failed to mitigate her damages.

14.     Plaintiff is not entitled to liquidated damages under 29 U.S.C. § 2617(a)(1)(A)(iii) because, at all times relevant to this action, any act or omission by Defendant giving rise to Plaintiff's claim for relief was made in good faith, and Defendant had reasonable grounds for believing that their act or omission was not a violation of the FMLA.

15.     An award of liquidated damages is not proper in this case because Plaintiff cannot show that Defendants intended to cause injury to Plaintiff or otherwise acted with reckless or wanton disregard for Plaintiff's rights.

16.     Defendant engaged in good faith efforts to comply with all applicable laws. Moreover, the conduct complained of by Plaintiff, if performed or carried out, was performed or carried out in good faith based upon reasonable grounds for believing such conduct was not in violation of state or federal law and, therefore, Plaintiff may not state a claim for punitive or exemplary damages.

17.     Defendant specifically reserves the right to assert any other appropriate defenses, including affirmative defenses, to Plaintiff's claims as need for such defenses becomes known.

### III.  PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Defendant respectfully prays that Plaintiff take nothing by way of his Petition, that the Petition be dismissed with prejudice, and that Defendant be awarded its costs, attorneys' fees, and any other relief, both at law and in equity, to which Defendant may be entitled.

Respectfully submitted,

By: _ /s/ Robyn M. Funk _____
     ROBYN M. FUNK
     Texas Bar No. 24104416
     robyn.funk@ogletreedeakins.com
     MOLLY ANN LAWRENCE
     Texas Bar No. 24083365
     mollyann.lawrence@ogletree.com

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
8117 Preston Road, Suite 500
Dallas, Texas  75225
(214) 987-3800 (Phone)
(214) 987-3927 (Fax)

**ATTORNEYS FOR DEFENDANT**

## <u>CERTIFICATE OF SERVICE</u>

     I hereby certify that a true and correct copy of the above and foregoing document has been forwarded via electronic filing system on this 23rd day of February, 2021, to the parties' counsel of record.

      _ /s/ Robyn M. Funk _____
     ROBYN M. FUNK

45985103.1