## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | | |
|---|---|---|
| **JASON BLANKENSHIP,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CASE NO. 6:21-CV-00203-ADA-JCM** |
| | § | |
| **INSITUFORM TECHNOLOGIES, LLC,** | § | |
| | § | |
| **Defendant.** | § | |

## DEFENDANT'S FIRST AMENDED ANSWER AND DEFENSES TO PLAINTIFF'S ORIGINAL PETITION

Defendant Insituform Technologies, LLC ("Defendant") files its First Amended Answer and Defenses to Plaintiff's Original Petition ("Complaint") in the above-styled and numbered cause, and states:

## FIRST AMENDED ANSWER

### I.  NATURE OF THE CASE

1.  Defendant admits the allegation in Paragraph 1 of the Complaint that Plaintiff brings this action under the Family & Medical Leave Act (FMLA), but denies the remaining allegations in this Paragraph.

### II.  DISCOVERY PLAN

2.  Paragraph 2 of the Complaint contains a discovery statement applicable only to state court and to which, therefore, no response is required since this suit has been removed to federal court. A Scheduling Order containing discovery deadlines has been entered by the Court.

### III. PARTIES AND SERVICE OF PROCESS

3.      Defendant admits Plaintiff is an individual, but is without sufficient knowledge to admit or deny the remainder of the allegations in Paragraph 3 of the Complaint, and therefore denies the same.

4.      Defendant admits the allegations contained in Paragraph 4 of the Complaint.

### IV. VENUE

5.      Defendant denies the allegations in Paragraph 5 of the Complaint as phrased. Defendant admits that venue is proper in this Court.

### V. FACTUAL BACKGROUND

6.      Defendant admits the allegations in Paragraph 6 of the Complaint.

7.      Defendant admits that Plaintiff alleged to have suffered a knee injury while in COVID quarantine.  Defendant further admits that during the month of June and July 2020, Plaintiff sought medical-related leave, and based on information and belief, Defendant's third-party leave administrator approved leave.  Defendant denies the remaining allegations in Paragraph 7 of the Complaint.

8.      Defendant admits that Plaintiff returned to work on or about July 21, 2020.  To the extent Paragraph 8 of the Complaint contains remaining allegations, Defendant denies same.

9.      Defendant admits that Plaintiff sought leave for baby bonding for certain dates in September and October 2020, and Defendant's third-party leave administrator approved, in part, Plaintiff's request for leave.  Defendant denies the remaining allegations in Paragraph 9 of the Complaint.

10.      Defendant is without sufficient knowledge to admit or deny the allegations contained in the first sentence of Paragraph 10 of the Complaint and, therefore, denies the same.

Defendant denies the remaining allegations in the remaining sentences in Paragraph 10 of the Complaint.

11.     Defendant denies the allegations contained in the first sentence of Paragraph 11 of the Complaint. Defendant admits the allegations contained in the second sentence of Paragraph 11 of the Complaint. Defendant denies the allegations contained in the third sentence of Paragraph 11 of the Complaint. Defendant denies the allegations contained in the fourth sentence of Paragraph 11 of the Complaint. Defendant denies the allegations contained in the fifth sentence of Paragraph 11 of the Complaint. Defendant is without sufficient knowledge to admit or deny the allegations contained in the sixth sentence of Paragraph 11 of the Complaint. Defendant denies the allegations contained in the seventh sentence of Paragraph 11 of the Complaint.

12.     Defendant denies the allegations contained in the first sentence of Paragraph 12 of the Complaint. Defendant admits that, like all employees, Plaintiff was responsible for completing general labor duties, but denies the remainder of the allegations contained in the second sentence of Paragraph 12 of the Complaint. Defendant admits that Plaintiff was assigned to load liners, but denies that the same is a task assigned solely to new hires and temporary employees as alleged in the third sentence of Paragraph 12 of the Complaint. Defendant denies the allegations contained in the fourth sentence of Paragraph 12 of the Complaint. Defendant denies the allegations contained in the fifth sentence of Paragraph 12 of the Complaint. Defendant is without sufficient knowledge to admit or deny the allegation contained in the sixth sentence of Paragraph 12 of the Complaint. Defendant is without sufficient knowledge to admit or deny the allegation contained in the seventh sentence of Paragraph 12 of the Complaint.

13.     Defendant admits the allegation contained in the first sentence of Paragraph 13 of the Complaint.   Defendant is without sufficient information to admit or deny the allegation

regarding "[o]n these days" in the second sentence of Paragraph 13 of the Complaint, but admits that Line Leads may repair and maintain the line and equipment on days that production does not take place and denies that Line Leads upgrade the equipment. Defendant denies the allegations contained in the third sentence of Paragraph 13 of the Complaint. Defendant denies the allegations contained in the fourth sentence of Paragraph 13 of the Complaint. Defendant admits that Plaintiff's regular job duties as a Line Lead included such tasks as sweeping, cleaning, and miscellaneous chores, but denies the remainder of the allegations contained in the fifth sentence of Paragraph 13 of the Complaint.

14.     Defendant admits that Plaintiff's regular job duties included some truck maintenance and that Plaintiff was assigned tasks related to cold storage, but otherwise denies the allegations in sentences one through five of Paragraph 14 of the Complaint.

15.     Defendant admits that Plaintiff resigned from employment to spend more time with his family, but denies the remainder of the allegations contained in Paragraph 15 of the Complaint.

## VI. <u>CAUSES OF ACTION</u>

*Violations of the Family & Medical Leave Act (Interference & Retaliation)*

16.     Defendant incorporates by reference its responses to the allegations contained in Paragraphs 1-15 above, as if fully set forth herein.

17.     Paragraph 16 of the Complaint contains legal conclusions to which no answer is required.

18.     Paragraph 17 of the Complaint contains legal conclusions to which no answer is required, and to the extent an answer is required, Defendant denies the same.

19.     The allegations in Paragraph 18 of the Complaint contain legal conclusions to which no answer is required, and to the extent an answer is required, Defendant denies the same.

20.    The allegations in Paragraph 19 of the Complaint contain legal conclusions to which no answer is required, and to the extent an answer is required, Defendant denies the same.

21.    Defendant denies the allegations in Paragraph 20 of the Complaint.

22.    Defendant denies the allegations contained in Paragraph 21 of the Complaint.

23.    Defendant denies the allegations contained in Paragraph 22 of the Complaint.

## VII.    DAMAGES

24.    Defendant admits that Plaintiff's requests for relief are set forth in Paragraphs 23, 24, and 25 of his Complaint, but denies Plaintiff is entitled to any of the relief requested.

## VIII.    ATTORNEYS' FEES

25.    Defendant admits that Plaintiff seeks an award of attorneys' fees in Paragraph 26 of his Complaint, but denies Plaintiff is entitled to any of the relief requested.

## IX. DEMAND FOR JURY TRIAL

Defendant admits Plaintiff has requested a trial by jury, but denies Plaintiff is entitled to a jury trial.

Except to the extent expressly admitted herein, Defendant denies all other allegations asserted by Plaintiff, including Plaintiff's prayer for relief.

## AFFIRMATIVE & OTHER DEFENSES

Without assuming any burden of production, persuasion, or proof that, pursuant to law, are not legally assigned to Defendant are Plaintiff's burden to prove, would otherwise rest with Plaintiff, Defendant asserts the following defenses as follows:

1.    Plaintiff was not an eligible employee under the FMLA.

2.    Plaintiff did not suffer an adverse employment action and cannot establish a claim for constructive discharge.

3.    Plaintiff was at all times an at-will employee.

4.      Plaintiff's claims are not actionable because the challenged employment practices were based upon legitimate, non-discriminatory/retaliatory, and non-pretextual business reasons unrelated to Plaintiff's leave.

5.      Defendant is not a covered employer under the FMLA.

6.      Plaintiff's claims are barred, in whole or in part, because Defendant would have taken the same action in the absence of any alleged impermissible motivating factor(s).

7.      Plaintiff's claims and alleged damages, if any, are barred in whole or in part by the doctrine of laches, waivers, estoppel, unclean hands, and/or after-acquired evidence.

8.      If any improper, illegal, discriminatory or retaliatory actions were taken by any of Defendant's employees against Plaintiff, they were outside the course and scope of that employee's employment, contrary to Defendant's policies, and were not ratified, confirmed or approved by Defendant. Thus, any such actions cannot be attributed or imputed to Defendant.

9.      Plaintiff's claims fail, in whole or in part, because Defendant exercised reasonable care to prevent and remediate promptly any unlawful behavior and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant or to avoid harm otherwise.

10.     Without conceding Plaintiff has suffered any damages because of any alleged wrongdoing by Defendant, Plaintiff has failed to mitigate or minimize the alleged damages, if any, and is therefore barred, in whole or in part, from the recovery of damages.

11.     Defendant is entitled to an offset for any earnings since Plaintiff's employment ended, including payments received from insurance carriers, workers' compensation benefits, or unemployment compensation benefits.

12.     Plaintiff's recovery, if any, is subject to any applicable damages, or caps, or limitations.

13.     Defendant denies that Plaintiff is entitled to any damages. To the extent that Plaintiff is entitled to damages, however, those damages must be barred or reduced to the extent Plaintiff has failed to mitigate his damages.

14.     Plaintiff is not entitled to liquidated damages under 29 U.S.C. § 2617(a)(1)(A)(iii) because, at all times relevant to this action, any act or omission by Defendant giving rise to Plaintiff's claim for relief was made in good faith, and Defendant had reasonable grounds for believing that their act or omission was not a violation of the FMLA.

15.     An award of liquidated damages is not proper in this case because Plaintiff cannot show that Defendant intended to cause injury to Plaintiff or otherwise acted with reckless or wanton disregard for Plaintiff's rights.

16.     Defendant engaged in good faith efforts to comply with all applicable laws. Moreover, the conduct complained of by Plaintiff, if performed or carried out, was performed or carried out in good faith based upon reasonable grounds for believing such conduct was not in violation of state or federal law and, therefore, Plaintiff may not state a claim for punitive or exemplary damages.

17.     Defendant avers that any award of liquidated damages to Plaintiff in this case would be in violation of the constitutional safeguards provided to Defendant under the U.S. Constitution.

18.     Plaintiff is not entitled to a jury trial as demanded in his Complaint because Plaintiff signed a jury trial waiver as a condition of his employment with Defendant.

19.     Defendant specifically reserves the right to assert any other appropriate defenses, including affirmative defenses, to Plaintiff's claims as need for such defenses becomes known.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully requests that Plaintiff take nothing by way of his pleadings, that this Court dismiss Plaintiff's Complaint with prejudice, and that Defendant be awarded its costs, attorneys' fees, and any other relief, both at law and in equity, to which Defendant may be entitled.

Respectfully submitted,

By: /s/ *Robyn M. Funk*
    ROBYN M. FUNK
    Texas State Bar No. 24104415
    robyn.funk@ogletree.com
    MOLLY ANN LAWRENCE
    Texas State Bar No. 24083365
    mollyann.lawrence@ogletree.com

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
8117 Preston Road, Ste. 500
Dallas, Texas 75225
Tel: (214) 525-2191
Fax: (214) 987-3927

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on September 2, 2021, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the parties' counsel of record, including:

Joel S. Shields and Benjamin C. Yelverton
Scanes & Routh, LLP
P.O. Box 20965
Waco, TX 76702-0965
Tel: (254) 399-8788
shields@scanesrouth.com; yelverton@scanesrouth.com
**Counsel for Plaintiff**

/s/ *Robyn M. Funk*
Robyn M. Funk